**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| LEWIS BAY BUFORD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 15-00553-CB-C |
| CITY OF MOBILE, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**ORDER**

This matter is before the Court on Plaintiff's motion seeking to sever and remand certain claims and parties to state court and Plaintiff's supplemental motion to remand.  (Docs. 2 & 11.)  Two of the four defendants, City of Mobile and Sherman E. Otis, have no objection.[1] (Doc. 9.)  For jurisdictional reasons, however, the motion cannot be granted.

**Background**

On September 28, 2015, Plaintiff Lewis Bay Buford, Jr. filed this action in the Circuit Court of Mobile County asserting claims under 42 U.S.C. §§ 1983, 1985 & 1988 and state law.  The defendants in this action are the City of Mobile and Mobile Police Officer Sherman Otis (collectively "municipal defendants); Plaintiff's niece, Karen Raine and her husband, Leroy Raine.[2]  The complaint arises from a family dispute between Plaintiff and the Raines.  By agreement with members of his family,

---

[1] The two remaining defendants, Karen Raine and Leroy Raine, have not responded.  These defendants signed a consent to removal *pro se* but have not answered or otherwise defended in this action.

[2] Also named are two fictitious defendants whose presence has no bearing on jurisdiction.

in 2014 Plaintiff moved from Atlanta, Georgia to live in his mother's house in Mobile, Alabama.  (Compl. ¶ 11, Doc. 1-1.)  Plaintiff's mother was in a nursing home at the time, and Plaintiff planned to care for her upon her release.  (*Id.*)  When he moved to Mobile, Plaintiff needed transportation, so Leroy Raine took him to purchase an automobile.  (*Id.* ¶ 12.)  Due to Plaintiff's lack of credit, Leroy Raine cosigned the note, but Plaintiff made the down payment and had installment payments drafted from Plaintiff's bank account.  (*Id.* ¶¶ 13-15.) In July 2014 and again in February 2015, the Karen Raine tried to have Plaintiff involuntarily committed, claiming Plaintiff was hearing voices.  Each time, Plaintiff was released after an initial evaluation.  (*Id.*¶ 18.)  Things came to a head on May 28, 2015 when Mobile Police Department officers, including Defendant Otis, responded to a complaint by Karen Raine.  She told the officers that Plaintiff was "exhibiting suspicious behavior" and "communicated her concerns [about the Plaintiff's mental health]."  (Compl. ¶¶ 20-21, Doc. 1-1.)   When Plaintiff "arrived at his residence, he was confronted by [three or four] City of Mobile Police officers" who instructed him "that he must leave the residence and could not return."  (*Id.* ¶ 24.)  The officers "demanded the house and car keys from the plaintiff" and "threatened to take him to jail if he didn't turn over the keys." (*Id.* 24-25.)   Plaintiff turned over the keys and was taken to the Salvation Army shelter because he was rendered homeless.  (*Id.* ¶ 28.) The Raines have wrongfully refused to return Plaintiff's personal property that was left in his mother's residence. (*Id.* ¶¶ 36-38.)

The Complaint asserts twenty-three causes of action.  Counts One through Six involve federal law claims against the municipal defendants under 42 U.S.C. § 1983.

Count Seven, also against the municipal defendants, asserts a violation of the Fifth Amendment of the United States Constitution.  Counts Eight and Nine assert the municipal defendants and Karen Raine engaged in a conspiracy to deprive Plaintiff of his home and automobile, respectively, in violation of  42 U.S.C. § 1985.  Counts Ten through Thirteen assert violations of the state constitution against the municipal defendants.  Counts Fourteen and Fifteen allege that the municipal defendant and Karen Raine are liable for conspiracy under state law for depriving Plaintiff of his home (Count Fourteen) and automobile (Count Fifteen).  The remaining counts assert various state law claims against Karen Raine and/or Leroy Raine:  Counts Seventeen through Twenty-one (conversion and trespass to chattel) are based their alleged refusal to return Plaintiff's personal property and vehicle to him.  Count Twenty-two asserts both Karen and Leroy Raine are liable for unlawful eviction because they "employed the services of the city police" to unlawfully evict Plaintiff.  (Compl. ¶128-29.)

The City of Mobile ("the City") filed a timely Notice of Removal, which the remaining defendants joined.  The Notice of Removal asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the federal law claims and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims. (Notice of Removal ¶¶ 4-5, Doc. 1.)

**Legal Analysis**

In his motion to sever and remand, Plaintiff proposes two contradictory courses of action.  First, he wants to dismiss all claims against defendants Karen Raine and Leroy Raine.  Second, he wants to remand the claims against those

defendants to state court. To accomplish this, Plaintiff proposes two amended

complaints—one to be filed in federal court and one to be filed in state court after

remand.  The obvious flaw in this plan is that the proposed federal complaint deletes

all claims against the Raines.  Neither Plaintiff nor the municipal defendants (who

have no objection to this novel jurisdictional feat), have pointed to any case law that

would allow the Court to remand dismissed claims based on a "proposed" state law

complaint.  If the amendment is made, the claims against the Raines will be

dismissed, and there will be nothing left to remand to state court.

As the pleadings now stand, the Court has supplemental jurisdiction over the

claims against the Raines.[3]   A district court may decline to exercise supplemental

jurisdiction only if:  "(1) the claim raises a novel or complex issue of State law, (2)

the claim substantially predominates over the claim or claims over which the

district court has original jurisdiction, (3) the district court has dismissed all claims

over which it has original jurisdiction, or (4) in exceptional circumstances, there are

other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).  None of

those circumstances apply in this case.  Indeed, Plaintiff does not rely on any of

---

[3] The Notice of Removal specifically invokes supplemental jurisdiction under 28 U.S.C. § 1367.  Plaintiff does not argue otherwise.  Pursuant to 28 U.S.C. § 1367, if the district court has original jurisdiction over any claim asserted in a civil action, it also has  "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "In deciding whether a state law claim is part of the same case or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996).  While Plaintiff's state law claims (with the exception of the conspiracy claim) primarily involve the Raines' retention of property after the municipal defendants' involvement ended, all of the claims (state and federal) require resolution of the same central factual dispute--whether the Raines had a superior right to possession of the house and vehicle.

these grounds to justify remand.  Instead, Plaintiff invokes 28 U.S.C. § 1441(c) as

grounds for severing and remanding state law claims.  That subsection applies only

to state law claims "*not* within the original or supplemental jurisdiction of the

district court or a claim made nonremovable by statute."  28 U.S.C. § 1441(c)(1)

(emphasis added).  Simply put, § 1441(c) "makes clear that the entire action is

subject to removal" but that "the district court must sever and remand all claims

that are made non-removable or are outside of its original or *supplemental*

jurisdiction." *Fed. Nat. Mortgage Ass'n v. Morris*, No. 2:15-CV-0798-JEO, 2015 WL

4617175, at *4 (N.D. Ala. July 31, 2015) (emphasis added).  Because this Court has

supplemental jurisdiction over Plaintiff's state law claims, severance and remand of

state law claims under § 1441(c) is not permitted.

**Conclusion**

Plaintiff's goal of proceeding against the Raines on state law claims in state

court cannot be accomplished through severance and remand.  The motion is,

therefore, **DENIED**.  If Plaintiff intends to dismiss his claims against the Raines

without prejudice and proceed on the proposed amended complaint he must notify

the Court in writing on or before **December 10, 2015**.

DONE and **ORDERED** this the 30th day of November, 2015.

s/*Charles  R. Butler, Jr.*
**Senior United States District Judge**