IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEWIS BAY BUFORD, JR., | : | |
| Plaintiff, | : | |
| vs. | : | CA 15-0553-CB-C |
| CITY OF MOBILE, et al., | : | |
| Defendants. | | |

## ORDER

This cause came for a scheduling conference (*see* Doc. 41 (Rule 26(f) report)), and for oral argument on various pending motions to dismiss (Docs. 33 & 34; *see also* Docs. 36-37, 39 & 42), on April 28, 2016. Once the undersigned established that all previous motions to dismiss and other motions properly were mooted by previous order (*see* Doc. 43), the Court turned its attention to other matters. Initially, plaintiff's counsel agreed that in light the general rule that "fictitious-party pleading is not permitted in federal court[,]" *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010), all references to the two fictitious officers, designated as "Richard Doe" and "James Doe," are to be **STRICKEN** from the first amended complaint. Thereafter, following a relatively lengthy discussion with the parties regarding what the undersigned saw as deficiencies in the parties' various arguments in their pleadings, and how engagement in a brief discovery period would aid the Court in resolving the issues presented with some finality, the defendants stipulated to a **WITHDRAWAL** of the pending motions to dismiss and those motions

(Docs. 33 & 34) are **WITHDRAWN**.[1] In turn, the plaintiff agreed to the wholesale **WITHDRAWAL** of Counts 5, 6, and 7 set forth in his first amended complaint (*see* Doc. 27, at 20-24) and those counts are **STRICKEN** from the first amended complaint. In addition, the plaintiff agreed to the striking of the City of Mobile with respect to Counts 8, 9, 10, 15 and 16 of the first amended complaint and the City is so **STRICKEN** with respect to Counts 8, 9, 10, 15, and 16.[2]

Based upon the agreement of the parties, the following abbreviated scheduling order is entered pursuant to Rule 16(b):

1.    DISCOVERY. Discovery is authorized in this case, as more specifically set out *infra,* and is to be completed not later than **July 29, 2016.**[3] As agreed during the hearing, not more than **15** interrogatories, including all discrete subparts, **15** requests for admission, and **15** requests for production may be served by each party upon any other party not later than **May 2, 2016;**[4] *provided, however,* it was agreed by and among counsel for plaintiff and counsel for defendant City of Mobile that in lieu of taking the 30(b)(6) deposition of the City, plaintiff may propound to the City **30** interrogatories, including all discrete subparts. Responses to the foregoing written discovery are due within fifteen (15) days of service. Once written discovery is complete, the following depositions are to be noticed and taken as soon as practicable but certainly not later than **July 29, 2016**: (1)

---

[1] The undersigned would simply note that plaintiff's motion to exceed page limitation (Doc. 35) is **MOOT**.

[2] This means the City of Mobile remains as a defendant solely with respect to Counts 1-4, 11-14, and 17 of the first amended complaint.

[3] As the parties were informed during the conference, if they run into any problems with this schedule they can seek additional time from the Court.

[4] The *pro se* defendants, Leroy and Karen Raine, may, as well, serve written discovery on plaintiff and the other defendants.

Lewis Bay Buford, Jr.; (2) Karen Raine; and (3) Officer Otis Sherman **or** if another officer is identified through the course of written discovery and plaintiff believes that officer will have more information than Officer Sherman, plaintiff may depose such other officer.

2. AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES. Motions for leave to amend the pleadings or to join other parties must be filed not later than **August 12, 2016**.[5]

3. DISPOSITIVE MOTIONS. Motions for summary judgment are to be filed not later than **August 26, 2016**. In submitting exhibits, the parties are reminded of Civil Local Rule 5(a), which provides that only relevant portions of deposition transcripts or other discovery materials shall be filed in support of or in opposition to a motion. Evidentiary submissions that do not comport with these requirements may be disregarded.

**DONE** and **ORDERED** this the 29th day of April, 2016.

WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[5] As explained during the hearing, if plaintiff seeks to reassert claims that he "gave up" on April 28, 2016, he need explain why he seeks to reassert those claims.